**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID AUBLE, et al., | No. CV 08-1822-PHX-MHM |
| Plaintiffs, | **AMENDED ORDER** |
| vs. | |
| MARICOPA COUNTY, a public entity; MARICOPA COUNTY SHERIFF'S OFFICE, a division of Maricopa County; JOSEPH M. ARPAIO, Maricopa County Sheriff; NEWMARK HOLDINGS I, LLC, a foreign limited liability corporation d/b/a AMAZING JAKE'S FUN & FOOD; and TEHRAN RYLES; et al., | |
| Defendants. | |

On November 3, 2008, Defendants filed a motion to dismiss Maricopa County Sheriff's Office ("MCSO") on the grounds that it is a non-jural entity incapable of being sued. (Dkt. #5). Plaintiff responds that MCSO is a political subdivision amenable to suit. (Dkt. #11). For the reasons stated below, this Court certifies this question to the Arizona Supreme Court pursuant to A.R.S. § 12-1861 and Arizona Supreme Court Rule 27. See Binford v. Rhode, 116 F.3d 396, 400 (9th Cir. 1997); Torres v. Goodyear Tire & Rubber Co., 867 F.2d 1234, 1237-39 (9th Cir.1989).

**I.     WHETHER MCSO IS A POLITICAL SUBDIVISION**

Defendants move the Court to dismiss MCSO as a defendant, arguing that it lacks the capacity to be sued under Arizona law. (Dkt. #5). Plaintiffs, in their response, cite to several

lawsuits in which MCSO has been involved, either as a plaintiff or defendant. (Dkt. #11). Plaintiffs also point out that MCSO "has an annual budget of millions, a staff numbering in the thousands, and the responsibility for creating and implementing policies and procedures dealing with the maintenance of the jails, the incarceration of approximately ten thousand inmates, and the care of those inmates." (Id.). Plaintiffs further allege that MCSO has its own bank account, routinely retains its own legal counsel, and holds an insurance policy separate from other divisions of Maricopa County. (Id.).

According to Plaintiffs, "MCSO is related to and yet separate from Maricopa County and Sheriff Arpaio" and "exists with the purpose of discharging many functions of local government as required by the [Arizona] Constitution and other law: the care, custody, and control of inmates and pre-trial detainees within the Maricopa County jails." (Id.). Additionally, "MCSO has a prescribed area in which it has jurisdiction and in which it operates," including "the unincorporated parts of the County." (Id.). Finally, "the fact that MCSO possesses the authority for subordinate self-government by officers and entities selected by it manifests itself in the complex hierarchy it maintains to perform its duties." (Id.).[1] Thus, Plaintiffs argue, MCSO is a public entity as defined by A.R.S. § 12-820(6). (Id.)

Federal Rule of Civil Procedure 17(b) provides that the capacity of a party to sue and be sued is determined by the law of the state in which the court is located. Fed.R.Civ.P. 17(b). Arizona law specifically provides that the power to sue and be sued is vested in counties, their board of supervisors, agents, and officers acting under their authority. A.R.S. § 11-201(A) (2008). The enumerated officers of each county include a "sheriff," but not a sheriff's office. A.R.S. § 11-401(A). Although these statutes stand for the proposition that

---

[1] MCSO does not specifically address Plaintiffs' assertions, instead making the following general averment: "All of the power and authority is held by the Sheriff himself. Instead of a political entity, in truth the Maricopa County Sheriff's Office is a group of buildings located at various places in Maricopa County. It is a short hand phrase for referring to the Sheriff and his deputies." (Dkt. #14).

Maricopa County and its sheriff may be sued, they do not specifically authorize MCSO to be sued.

Nonetheless, it appears that MCSO may be sued if it qualifies as a public entity under A.R.S. § 12-820(6). See Carey v. Maricopa County, 602 F. Supp. 2d 1132, 1143 (D. Ariz. 2009) (Silver, J.) (noting that, under Arizona law, public entities are liable for acts and omissions of their employees). The definition of a public entity includes any political subdivision of Arizona. A.R.S. § 12-820(6) (2008). Thus, although MCSO is not listed as an entity that may be sued under A.R.S. § 11-201(A), the capacity of MCSO to be sued depends on whether or not MCSO qualifies as a political subdivision.

The Court can find no Arizona case law resolving this issue. The Court notes, however, that MCSO has been amenable to suit, as both a plaintiff and defendant, in numerous state court actions. See, e.g. Maricopa County Sheriff's Office v. Maricopa County Employee Merit Sys. Comm'n, 211 Ariz. 219 (2005); W. Valley View, Inc. v. Maricopa County Sheriff's Office, 216 Ariz. 225 (Ariz. Ct. App. 2007); Patterson v. Maricopa County Sheriff's Office, 177 Ariz. 153 (Ariz. Ct. App. 1993). Moreover, in W. Valley View, 216 Ariz. 225, even though the Arizona Court of Appeals did not take up the issue of whether MCSO is a political subdivision, MCSO was described in the case caption as a political subdivision. In addition, in Flanders v. Maricopa County, which, like this case, involved a § 1983 claim, MCSO was also captioned as a political subdivision. 203 Ariz. 368 (Ariz. Ct. App. 2002). There, the issue of whether MCSO is a non-jural entity was raised, but the Arizona Court of Appeals declined to consider the issue because it was raised too late; the court urged "counsel to resolve questions of proper parties and 'jural' entities at the outset of a case rather than after the verdict." Id. at 379 n.11.

There is no consensus within the District of Arizona as to whether MCSO is a political subdivision amenable to suit. Williams v. Tempe, 2006 WL 798701, at *3 (D. Ariz. 2006) (Teilborg, J.). In Wilson v. Maricopa County, the district court declined to hold that MCSO is a political subdivision capable of being sued. 2005 WL 3054051, at *1 (D. Ariz. 2005) (Campbell, J.). The court held that the proposition that MCSO is a political subdivision is

too broad, "particularly when the Arizona Legislature specifically has stated that the County is a political subdivision with authority to sue and be sued and has not made the same declaration with respect to MCSO." Id. See also Ekweani v. Maricopa County Sheriff's Office, 2009 WL 976520, at *2 (D. Ariz. 2009) (Martone, J.) (declining to find that MCSO is a political subdivision because "[a]lthough the Arizona legislature specifically designated the county as a political subdivision with authority to sue and be sued, it did not make the same designation with respect to MCSO. . .").

On the other hand, in Agster v. Maricopa County, No. CV-02-1686-PHX-JAT (March 3, 2005 Order) (Teilborg, J.), the court refused to dismiss MCSO as a non-jural entity from the case, which, like this one, involved a § 1983 claim. In addition, in De Jesus Ortega Melendres v. Arpaio, this Court allowed MCSO to be sued. 598 F. Supp. 2d 1025, 1039 (D. Ariz. 2009). There, however, MCSO was subject to suit as a "program or activity" receiving federal funds under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Id.

As stated above, there is no consensus within the District of Arizona on the issue of whether MCSO is a political subdivision under Arizona law. The position that MCSO is *not* a political subdivision appears to be at odds with the fact that Arizona courts have allowed MCSO to be sued as a political subdivision in several cases. More importantly, although MCSO has been sued and captioned a political subdivision in various state court cases, the Arizona courts have not directly considered the precise issue. For these reasons, this Court is reluctant to rule on this novel question of state law without first seeking an indication from the Arizona courts. Accordingly, in an abundance of caution, this Court will certify the following question to the Arizona Supreme Court pursuant to A.R.S. § 12-1861 and Rule 27 of the Arizona Rules of Supreme Court: whether, under Arizona law, the Maricopa County Sheriff's Office is a political subdivision capable of being sued?

This Court respectfully requests that the Arizona Supreme Court exercise its discretionary authority under Arizona Supreme Court Rule 27 to accept and decide this question. This Court's phrasing of the question should not restrict the Arizona Supreme Court's consideration of the problems and issues involved. If the Arizona Supreme Court

- 4 -

declines certification this Court will resolve the issue according to its understanding of Arizona law.

The Clerk of this Court is directed to file with the Arizona Supreme Court an original and six certified copies of this order and a list of the counsel appearing in this matter along with their addresses and telephone numbers. See Ariz. S. Ct. R. 27(a)(3)(C), (a)(4). The Arizona Supreme Court may supplement the record in any way it believes appropriate to enable it to answer the certified questions. See Ariz. S. Ct. R. 27(a)(5). Any court fees and costs incurred in state proceedings shall be paid equally by both parties. See Ariz. S. Ct. R. 27(a)(3)(D).

Until the Arizona Supreme Court resolves the issue, or otherwise declines to certify the question, MCSO will remain a named defendant in this action. MCSO is granted leave to re-urge its motion once the Arizona Supreme Court resolves the issue or declines certification.

**Accordingly,**

**IT IS HEREBY ORDERED** certifying a question of Arizona law to the Arizona Supreme Court.

**IT IS FURTHER ORDERED** dismissing without prejudice Defendant Maricopa County Sheriff's Office Motion to Dismiss, (Dkt. #5), and granting it leave to re-urge the motion once the Arizona Supreme Court has certified the above-stated question or otherwise declines certification.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to attach a copy of the U.S. District Court for the District of Arizona's docket sheet to this Order.

/ / /

1 **IT IS FURTHER ORDERED** directing the Clerk of the Court to send six certified
2 copies of this Order to the Arizona Supreme Court pursuant to Arizona Supreme Court Rule
3 27.
4 DATED this 14th day of October, 2009.

_____
Mary H. Murguia
United States District Judge